RECEIVED
OCT 21 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SEAN FOY | CIVIL ACTION NO. 05-1749 |
| versus | JUDGE HICKS |
| WAYNE COBB, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Sean Foy ("Plaintiff") filed this action in state court seeking damages in connection with a car accident that was allegedly caused by the negligence of defendant Wayne Cobb. Cobb, his employer and his alleged insurer removed the case based on an assertion of diversity jurisdiction. This court, pursuant to its independent obligation to ascertain the basis for subject matter jurisdiction, has reviewed the petition and notice of removal. Keeping in mind that there is a presumption against subject matter jurisdiction that must be rebutted by the party who brings an action to federal court, there is at least one area that needs clarification to ensure that this court may exercise jurisdiction.

The alleged insurer is Protective Insurance Company, which both the petition and notice of removal describe only as a "foreign insurer authorized to and doing business in the State of Louisiana." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to adequately establish diversity jurisdiction, a complaint must set forth

"with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).

The current pleadings do not set forth with specificity Protective's state of incorporation and principal place of business. The removing parties will be allowed until **November 14, 2005** to file an **Amended Notice of Removal** to provide the missing facts.

With respect to the amount in controversy, the notice of removal asserts that it exceeds $75,000, but no relevant facts are offered. The removing parties must, therefore, satisfy their burden on this issue by an examination of the face of the petition. That pleading does not seek a particular amount of damages, though it prays that there is enough at stake to warrant a jury trial, which indicates satisfaction of the $50,000 threshold for a jury trial in state court. The petition also alleges disk protrusion, a concussion, lumbar and cervical strain, soft tissue injuries, a laceration and a closed head injury. Those alleged injuries, though they are not expounded upon, likely satisfy the removing party's burden on this issue, but as demonstrated in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999), the Fifth Circuit will not hesitate to remand a case, even after trial, if the notice of removal and petition do not set

forth sufficient facts to satisfy that Court that more than $75,000 was shown to be in controversy at the time of the removal. Defendants may wish to include in their Amended Notice of Removal additional information about the nature and extent of the alleged injuries, cost of medical expenses, settlement demands or other facts relevant to the amount in controversy.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 21st day of October, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE