UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SEAN FOY                                              CIVIL ACTION NO. 05-1749

versus                                                JUDGE HICKS

WAYNE COBB, ET AL.                                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Sean Foy ("Plaintiff") filed suit in state court against three defendants arising from an accident that occurred when Plaintiff was involved in an automobile accident on I-220. Plaintiff alleges that one of the defendants lost control of the vehicle he was driving, steered onto the shoulder of the interstate and struck Plaintiff's vehicle in the right, rear quarterpanel. Defendants removed the case based on an assertion of diversity jurisdiction. Plaintiff filed a Motion to Remand (Doc. 13), now before the court, that challenged the Defendants' satisfaction of the amount in controversy requirement of diversity jurisdiction.

The removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiff's pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

The original notice of removal contained a bare assertion that the amount in controversy exceeds $75,000, but Defendants did not articulate any facts about the nature or extent of Plaintiff's injuries that would support that conclusion. The court reviewed the notice of removal and, before Plaintiff filed his motion to remand, ordered Defendants to file an amended notice of removal to (1) clarify the citizenship of one of Defendants and (2) include any additional information about the nature and extent of Plaintiff's alleged injuries, cost of medical expenses, settlement demands or other facts Defendants deem relevant to the amount in controversy. The court noted that the injuries alleged in the petition likely satisfied the removing parties' burden, but it cautioned that additional facts could be beneficial to avoid the risk of a different conclusion by a higher court.

Defendants filed an Amended Notice of Removal (Doc. 15) that attempted to cure the deficiency with respect to the allegation of defendant Protective Insurance Company's citizenship. The original notice of removal alleged in paragraph VI that Protective "is a foreign insurer authorized to and doing business in the State of Louisiana." The court's order explained that, to establish diversity jurisdiction, the pleading needed to set forth with particularity Protective's (1) state of incorporation and (2) the state where it has its principal place of business. The amended notice of removal responded with an assertion in paragraph III that Protective "is a foreign insurer under the laws of the State of Indiana" with its principal place of business in Indiana. A similar allegation is made in Paragraph V. The allegations appear to be attempts to allege that Protective is *incorporated* under the laws of

the State of Indiana, but that key word is never employed. When the removing party fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).

Enough time has been spent on this issue, and the undersigned will not press it further. But it bears emphasizing that the *removing party* has the burden of proving that federal jurisdiction exists, De Aguilar v. Boeing, 47 F.3d 1404, 1408 (5th Cir. 1995), and doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). Defendants assume the risk that another judge or reviewing court will not read their ambiguous removal pleadings with the same degree of charity and remand the case.

The removing defendants also added nothing in their amended notice of removal regarding the amount in controversy. (They do attach to their memorandum in opposition several items of pre-suit correspondence between a claims adjuster and Plaintiff's counsel. The letters indicate that several requests for medical records and reports went unanswered.) Accordingly, it must be facially apparent from the petition that more than $75,000 is at issue. Plaintiff alleges in paragraph 8 of his petition that he suffered disk protrusion at C5-C6, concussion, loss of consciousness, closed head injury, strain of cervical and lumbar areas of

the back, soft tissue injury to the chest, and laceration to the forehead. He alleges in paragraph 9 that he has suffered past, present and future pain and suffering, physical disability, humiliation and embarrassment, and medical bills. He also claims that, because of the accident, he faces a risk of traumatically induced arthritis. Finally, he prays for unspecified amounts of lost wages and alleges a loss of future earning capacity.

Consistent with Louisiana procedural rules, Plaintiff's state court petition did not pray for a certain amount of damages. Plaintiff did allege in paragraph 10 of his petition that the case is adequate to demand a jury trial, which is available in Louisiana courts only when the amount in controversy exceeds $50,000. La. C. C. P. art. 1732. Plaintiff did not, as permitted by La. C. C. P. art. 893, assert that the amount in controversy was less than the requisite amount for the exercise of federal jurisdiction. He also did not file a binding stipulation with his state court petition that might preclude removal. See DeAguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). See also Price v. Smart Professional Photocopy Corp., 2003 WL 203083 (E. D. La. 2003) (suggesting that a "stipulation between the parties" is required, rather than a mere unilateral statement). Plaintiff's failure to file a pre-removal stipulation or specifically allege damages less than $75,000 does not satisfy the burden of the removing defendants, but those are facts that are relevant to the analysis.

The court finds that the physical injuries described in the petition, especially the assertion of a closed head injury and disk protrusion, are adequate to make it facially apparent that more than $75,000 is in controversy. The claims for a variety of non-pecuniary

damages, economic losses and future medical expenses are further indicative of a significant amount in controversy. It would have been a great assistance if the removing parties could had provided additional facts about Plaintiff's alleged injuries and damages, but the facts set forth in the petition, when combined with Plaintiff's own assertion that the $50,000 necessary for a jury trial is in controversy, are sufficient to show that Defendants have satisfied their burden of showing by a preponderance that more than $75,000 is in controversy. Accordingly, the **Motion to Remand (Doc. 13)** is **denied**.[1]

THUS DONE AND SIGNED at Shreveport, Louisiana, this 14th day of December, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

[1] Each case rests on its own facts, but it is worth noting that the same result was reached in George v. Home Depot USA, Inc., 2000 WL 275804 (E.D. La. 2000) when injuries of a similar degree of seriousness (including a closed head injury) were alleged, a jury trial was demanded, and no stipulation of damages less than $75,000 accompanied the state court petition.